# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| ASCEND PERFORMANCE MATERIALS, L.L.C., | § § § | |
| Plaintiff, | § § | |
| v. | § | CIVIL CASE NO. H-11-4209 |
| | § | |
| F.W. WALTON, INC., | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion to Remand [Doc. # 3] filed by Plaintiff Ascend Performance Materials, L.L.C. ("Ascend"). Having considered the full record and applied governing legal authorities, the Court **grants** Plaintiff's Motion to Remand.

## I.   BACKGROUND

Ascend filed this lawsuit in Texas state court alleging that employees of F.W. Walton, Inc. ("Walton") caused a power outage at Ascend's chemical facility. Ascend alleges that the power outage caused significant damage to Ascend's equipment and resulted in substantial lost profits. Defendant Walton filed a Notice of Removal [Doc. # 1], asserting federal jurisdiction on the basis of diversity of citizenship. Ascend filed a timely Motion to Remand, which is now ripe for decision.

## II.   GENERAL REMOVAL PRINCIPLES

"'Federal courts are courts of limited jurisdiction.'" *Rasul v. Bush*, 542 U.S. 466, 489 (2004) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *McKee v. Kansas City S. Ry. Co.*, 358 F.3d 329, 337 (5th Cir. 2004); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "'They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree.'" *Rasul*, 542 U.S. at 489 (quoting *Kokkonen*, 511 U.S. at 377 (citations omitted)). The court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Bourne v. Wal-Mart Stores, Inc.*, 582 F. Supp. 2d 828, 832 (E.D. Tex. 2008) (quoting *Howery*, 243 F.3d at 916 (citing *Kokkonen*, 511 U.S. at 377)); *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005); *see also Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005).

### III.  ANALYSIS

The Court notes initially that Defendant Walton neither filed a Response to the Motion to Remand nor requested additional time to do so. Pursuant to the Local Rules of the United States District Court for the Southern District of Texas, failure to respond to a motion is taken as a representation of no opposition. S.D. TEX. R. 7.3, 7.4.

Moreover, federal jurisdiction based on diversity of citizenship requires complete diversity between plaintiffs and defendants. *See* 28 U.S.C. § 1332; *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553-54 (2005); *Stiftung v. Plains Marketing, L.P.*, 603 F.3d 295, 297 (5th Cir. 2010). The citizenship of a limited liability corporation such as Ascend is determined by the citizenship of all of its members. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Ascend's only member is Ascend Performance Materials Holdings, Inc., a Delaware corporation with its principal place of business in Texas. As a result, pursuant to 28 U.S.C. § 1332(c)(1), Ascend Performance Materials Holdings, Inc., is a citizen of Delaware and Texas, making Ascend a citizen of Texas. Because Ascend and Walton are both Texas citizens, complete diversity of citizenship is lacking and there is no federal subject matter jurisdiction.

Additionally, a defendant who is a citizen of Texas cannot remove a lawsuit on the basis of diversity jurisdiction to a federal court in Texas. *See* 28 U.S.C. § 1441(b) (stating that removal on any basis other than federal question jurisdiction allowed only if none of the defendants "is a citizen of the State in which such action is brought"); *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006). It is undisputed that Walton is a citizen of Texas. As a result, pursuant to § 1441(b), the case is not removable.

### III.  CONCLUSION AND ORDER

For the foregoing reasons, it is hereby

**ORDERED** that Plaintiff's Motion to Remand [Doc. # 3] is **GRANTED** and this case will be remanded by separate order to the 334th Judicial District Court of Harris County, Texas.

SIGNED at Houston, Texas, this **17th** day of **January, 2012**.

_____
Nancy F. Atlas
United States District Judge